From a decree of the Circuit Court of DeKalb County finding that the State Department of Revenue's assessment of taxes upon Aubrey J. Lindsey, d/b/a A.J. Lindsey Wholesale Produce Company, was barred by the statute of limitations, the State appeals.
The sole issue before this court is whether Tit. 51, § 786 (17)(b), Code of Alabama (1973 Cum.Supp.), which became effective October 1, 1965, allows assessment by the State on December 10, 1968, of a sales tax on sales made by the taxpayer from January 1, 1963, through August 31, 1965. We hold that it does and reverse and remand.
The record discloses the following:
Taxpayer operates a wholesale produce business and sells produce and other food items to stores, restaurants, schools, individuals, and other entities. These sales were sales for consumption and as such were subject to the Alabama sales tax. Tit. 51, § 786 (2) et seq., Code of Alabama (1973 Cum.Supp.). Taxpayer failed to collect the sales tax upon these sales and did not file returns with the State Department of Revenue as required by the Code.
From January 1, 1963, until October 1, 1965, the law provided:
 "(b) No assessment shall be made by the department of revenue against any person, firm or corporation for any tax which became due from such person, firm, or corporation under the provisions of this Act more than three years prior to the date the department commenced an audit of the books or records of such person, firm, or corporation to ascertain the amount due, or, if no audit is made, prior to the date the department mailed written demand for the amount claimed to be due from such person, firm or corporation." [Emphasis supplied.] (Act No. 100, § 16 (b), 1 Acts of Alabama 307 (1959)).
Effective October 1, 1965, the preceding provision was amended to read as follows:
 "Any notice, . . . of an amount due under this article shall be given or any action in court for the collection of such amount shall be begun within three years of the due date of such amount. Provided, however, in the case of . . a failure to file a return, the tax may be assessed or a proceeding in court for the collection of such tax may be begun at any time. . . ." [Emphasis supplied.] (Tit. 51, § 786 (17), Code of Alabama (1973 Cum.Supp.)).
Although not disclosed by the record, apparently the State Department of Revenue commenced its audit of taxpayer on September 1, 1968.
On December 10, 1968, the department entered a sales tax assessment against taxpayer for $1,821.62 plus $308.37 interest, for a total assessment of $2,129.89. The taxes assessed were for a period extending from January 1, 1963, through June 30, 1968.
The taxpayer appealed within the time provided by law, and on September 24, 1976, the learned trial judge rendered a final judgment wherein it held the taxpayer liable to the State for taxes and interest thereon for taxes accruing from September 1, 1965, through June 30, 1968, a sum of $1,753.10.
The court specifically found that the taxes sought to be recovered for the period *Page 537 
from January 1, 1963, to September 1, 1965, were barred by the statute of limitations, i.e., Act 100 as set forth, supra. It is from this ruling that the State prosecutes this appeal.
 I
The pertinent portion of the Code, as set forth supra, discloses that had Act 100 been in effect on September 1, 1968, when the State commenced its audit of taxpayer's records, the State would have been allowed to assess taxes accruing only from September 1, 1965, three years prior to the time it commenced its audit. However, Act 100 was not in effect on September 1, 1968. Rather, Tit. 51, § 786 (17), Code of Alabama (1973 Cum.Supp.), which became effective October 1, 1965, was the applicable statutory provision. It provided that in cases where, as here, the taxpayer failed to file a return, the State could assess a tax at any time.
The State contends that the 1965 amendment (Tit. 51, § 786 (17)) authorizes it to make assessments at any time for taxes accruing three years prior to the effective date of the amendment in those instances where the taxpayer has failed to file a return. Put another way, the State contends that since the taxes attempted to be assessed in this instance (from January 1, 1963, through August 30, 1965) were not barred by Act 100, § 16 (b), when the 1965 amendment which extended the period for assessment became effective, they are governed by § 786 (17)'s provisions and are properly levied. The State is correct in its contention.
Statutes of limitation are of two types. In one, the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself. In the other, the limitation is deemed to affect only the remedy and does not constitute part of the substantive right. By affecting the remedy, it is meant that the statute establishes the time frame in which a party may seek to enforce his claim. The running of the latter type of statute of limitation does not extinguish a party's right, but merely precludes his judicial assertion of that right. 51 Am.Jur.2dLimitation of Actions §§ 8, 15, 22.
Alabama decisions state that a statute of limitations, unless the act specifically declares otherwise, is construed as affecting the remedy only. Webster v. Talley, 251 Ala. 336,37 So.2d 190 (1948); Odom v. Averett, 248 Ala. 289, 27 So.2d 479
(1946). Here, there is no express declaration otherwise. Hence, the limitation of Tit. 51, § 786 (17), must be interpreted to affect only the State's remedy.
The law with respect to statutes of limitation of this category is well established.
 "Amendments extending statutes of limitations apply to pre-existing claims not already barred, unless the amendatory act expressly provides otherwise. . . ." (79 A.L.R.2d 1080, 1090)
In In re McClure Co., 21 F.2d 538, 540 (N.D.Ga. 1927), under circumstances similar to those herein, the court stated:
 "It is elementary that . . . limitations of time may be freely made and altered, provided that one having a right is not substantially deprived of all remedy. No man has a vested right not to pay a tax or other obligation which he really owes. So that an extension of the time within which the obligation may be enforced, or the entire abolition of the limitation, is within rightful legislative power."
Numerous cases have held that amendments extending the statute of limitations with regard to tax liability apply to pre-existing tax obligations not already barred on the effective date of the new legislation. 79 A.L.R.2d 1080, 1096-98.
Taxpayer seeks to avoid the import of these decisions by contending that the legislation is ex post facto and, accordingly, forbidden by the Constitution. Other courts have rejected such a contention.
 "It cannot be held that the section . . is violative of [the section of the Constitution] prohibiting the passing of laws retrospective in their operation. This, because *Page 538 
the retrospective laws forbidden by that instrument are laws impairing existing vested civil rights. The law must take away such vested right, or it must create a new obligation, impose a new duty, or attach a new disability in respect to gone-by transactions, in order to be retrospective and under the constitutional ban." (Clark v. Kansas City, St. L. C.R. Co., 219 Mo. 524, 118 S.W. 40, 43 (1909))
Accord State v. Elliott, 246 Ala. 439, 21 So.2d 310 (1945).
As previously stated, taxpayer here had no vested right not to pay taxes. Neither did he have any new obligation thrust upon him. The legislature merely lengthened the time in which the state might assess taxes against those taxpayers who have failed to file returns. The assessment of taxes from January 1963, through August 30, 1965, should have been allowed.
REVERSED AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P.J., and BRADLEY, J., concur.