409 So.2d 1181 (1982)
Joe GERRY, Individually and in His Capacity As a General Contractor, and Joe Gerry D/B/a Gerry Construction, Appellants,
v.
Armand Marc ANTONIO, a/K/a Marc Anthony, and Mr. Land, Inc., Appellees.
No. 80-2018.
District Court of Appeal of Florida, Fourth District.
February 17, 1982.
*1182 R. Patrick Beatty and Robert G. Udell of Saylor & Beatty, Stuart, for appellants.
James D. McFarland, Stuart, for appellees.
GREEN, OLIVER L., Jr., Associate Judge.
This is a timely appeal from a final judgment determining that the statute of frauds rendered the oral contract sued upon unenforceable. We reverse.
In 1973, the appellant-plaintiff and appellee-defendant, entered into an oral agreement under which appellant was to perform the services of a working general contractor. The appellee, developer of the residential housing project, was to pay appellant $1,500.00 per home when and if each individual home was sold and closed. In June, 1977, the business relationship between the parties was terminated. At that time, eight to ten houses were in various stages of construction, five of which were "under roof." Appellant testified that after the parties' relationship was terminated, it was agreed that he would receive $750.00 for each of the five homes which were already "under roof." In return, appellant agreed to waive any monies due him for any of the other homes which had not reached that stage of construction. Appellee denied the existence of such an agreement.
Subsequently, in September, 1978, appellant received a $1,500.00 check from appellee, pursuant to the original agreement, for his work on the model home which was totally completed at the time the parties terminated their association. The check was marked, "Paid in Full" and, according to appellant, was the first indication that he was not going to be compensated pursuant to the oral modification, under which he was to be paid as the houses were completed and sold. Apparently these houses were completed and sold, but appellant never paid. Thus, the present lawsuit was instituted.
At trial, after both parties had testified but prior to the completion of appellant's case, the judge requested memorandums of law on the applicability of the statute of frauds, indicating that he thought he had all the facts of the case, but, if necessary, would later conduct further proceedings. Neither party objected to this procedure. Thereafter, the court entered final judgment in favor of appellees, determining that the oral contract was in violation of the statute of frauds. Section 725.01, Florida Statutes (1979).
*1183 When an oral contract has been fully performed by one party, the statute of frauds may not be employed as a defense. The statute of frauds also may not be invoked where non-performance of a contract's original terms has been occasioned by an oral modification and the contract as modified has been fully performed. W.B.D., Inc. v. Howard Johnson Co., 382 So.2d 1323 (Fla. 1st DCA 1980).
In the instant case appellant's part of the contract as modified was fully performed. The subject houses were completed to the stage required by the modified contract. Accordingly, under the previously stated principle, the statute of frauds may not be invoked as a defense to the oral modification.
We reverse the final judgment and remand for a new trial.
REVERSED.
BERANEK, J., and OWEN, WILLIAM C., Jr., Retired, Associate Judge, concur.