418 So.2d 1251 (1982)
VENDITTI-SIRAVO, INC., a Florida Corporation, Appellant,
v.
CITY OF HOLLYWOOD, FLORIDA, a Municipal Florida Corporation, Appellee.
No. 81-1702.
District Court of Appeal of Florida, Fourth District.
September 8, 1982.
*1252 Andrew M. Chansen of Law Offices of Chansen & Chansen, Fort Lauderdale, for appellant.
Nancy A. Cousins, City Atty., and Andrew DeGraffenreidt, III, Deputy City Atty., Hollywood, for appellee.
WALDEN, Judge.
The trial court entered a judgment on the pleadings in favor of defendant, City of Hollywood, and against plaintiff, Venditti-Siravo, Inc., hereafter called Venditti. Venditti appeals. We affirm in part and reverse in part.
Venditti's amended complaint contained three counts.
Count I was an action for damages based on a breach of contract. Paraphrasing, it appears that the parties entered into an oral contract in November, 1976, whereby Venditti, a property developer, advanced to the City, at the City's demand, the whole amount of a property assessment in the sum of $26,803.55 even though Venditti's proper share of the assessment for the property it owned amounted to only $10,274.10. It was alleged that the City agreed that thereafter the City would collect the differential or Venditti's over payment in the sum of $16,529.45 from other property owners in the vicinity as their property was later developed. It was alleged that the City promised that the money so collected from subsequent property developers would be repaid to Venditti so that he (and the other owners) would end up paying only their proper share. Attached was a list of subsequent property developed in the area and their respective assessments which, coincidentally, was in an amount sufficient to reimburse Venditti. Venditti alleged the breach in that the City refused to pay him the promised sum of $16,529.45, despite Venditti's demand.
Count II simply repeated Count I and said the City had been unjustly enriched in *1253 taking the money not owed to the City and refusing to repay it.
Count III was a petition for writ of mandamus seeking to compel the City to collect the money in question from other developers and pay same over to Venditti. We take it that Venditti agrees with the trial court's determination as concerns this count inasmuch as Venditti does not treat it or otherwise take exception in its brief. Regardless, we note that there was a manifest misconception of remedy in attempting to use mandamus under the circumstances. The payment of monies allegedly due under an oral contract is not ministerial. We affirm the disposition of Count III.
Back to Counts I and II, Venditti's original complaint was dismissed with leave to amend, "... in that the complaint fails to state the subsequent developers have developed the property." This lack was supplied in the amended complaint which, otherwise, was identical to the original complaint. We believe under these circumstances that, at least tacitly, the trial court did determine that the complaint, as amended, stated a cause of action.
The City answered in sum by general denial and offered the affirmative defenses of Statute of Frauds (oral contract not to be performed within space of one year), and Statute of Limitations, which defenses were denied by Venditti.
We now get closer. The City filed its Motion For Judgment on the Pleadings. Fla.R.Civ.P. 1.140(c). The sole reason advanced as the basis for the motion was that Count I was barred by the Statute of Frauds in that it was based on an oral contract.
Certain fundamentals are applicable as concerns a motion for judgment on the pleadings. Such motion has limited application. It is appropriate where the complaint fails to state a cause of action against the defendant or where the answer fails to state a defense or tender any issue of fact. It is similar to a motion to dismiss and raises only questions of law arising out of the pleadings.
More specifically, in the consideration of this motion, all well pleaded material allegations of the opposing party are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Wagner v. Wagner, 196 So.2d 453 (Fla. 4th DCA 1967); Davis v. Davis, 123 So.2d 377 (Fla. 1st DCA 1960); and Butts v. State Farm Mutual Automobile Ins. Co., 207 So.2d 73 (Fla. 3d DCA 1968).
Applying these principles of procedural law we are satisfied that it was error to grant the motion and enter the judgment. Venditti's amended complaint stated a cause of action. The allegations of the City's answer and affirmative defenses, for purposes of the motion, were to be deemed false and ineffectual.
Regardless, the City contends that its affirmative defenses are established or admitted in Venditti's complaint. We disagree. The complaint reflects that the contract was oral and entered into on November 11, 1976. However, if by its terms it is capable of performance within one year, with the intention of the party (a fact issue) being the primary factor, it is not within the Statute. Contracts 2d, Calamari 1977 § 19-18  § 19-20; First Realty Investment Corp. v. Gallaher, 345 So.2d 1088 (Fla. 3d DCA 1977); and Monogram Products, Inc. v. Berkowitz, 392 So.2d 1353 (Fla. 2d DCA 1980). Finally the Statute of Frauds may not be employed as a defense where the oral contract has been fully performed by the other party. W.B.D., Inc. v. Howard Johnson Co., 382 So.2d 1323 (Fla. 1st DCA 1980). As to the Statute of Limitations, one of the City's affirmative defenses, we believe that Section 95.11(3)(k), Florida Statutes (1980), to be applicable to Counts I and II, and it provides a four year period. The contract was made on November 11, 1976, and suit was filed on September 19, 1979, with less than four years intervening.
We hold that neither of the City's affirmative defenses were established from the pleadings as a matter of law.
*1254 Finally the City contends that Venditti may not recover because he is attempting to force the City to pledge its credit contrary to Article 7, Section 10 of the Florida Constitution. We note that this claim has been in nowise raised in the City's pleadings and we summarily say that it is not available to them at this point because it has not been pled as an affirmative defense under Florida Rule of Civil Procedure 1.110(d).
REVERSED and REMANDED for further proceedings.
LETTS, C.J., and HURLEY, J., concur.