430 So.2d 597 (1983)
John L. HIATT, Appellant,
v.
Bennet H. VAUGHN and Sign Craft, Inc., a Florida Corporation, Appellees.
No. 82-70.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
Robert M. Gross of Moyle, Jones & Flanigan, P.A., West Palm Beach, for appellant.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellees.
M. GOLDMAN, Associate Judge.
This is an appeal from a final judgment dismissing Plaintiff's second amended complaint. We reverse.
The second amended complaint was in four counts, however only the first two counts were preserved for appeal.[1] Plaintiff *598 sought damages for breach of an oral employment contract for two years and for quantum meruit respectively. The second amended complaint alleged the parol nature and terms of the agreement, the aforesaid two year period and full performance by the Plaintiff. The motion to dismiss set forth the defense of the Statute of Frauds, F.S. 725.01.[2]
The sole issue before this Court is whether complete performance by an employee of an oral contract of employment, which by its very terms cannot be performed within one year, removes the otherwise barred contract from the operation of the statute of frauds. We hold in the affirmative. See Venditti  Siravo v. City of Hollywood, 418 So.2d 1251 (Fla. 4th D.C.A. 1982); Gerry v. Antonio, 409 So.2d 1181 (Fla. 4th D.C.A. 1982); W.B.D. Inc. v. Howard Johnson, Co., 382 So.2d 1323 (Fla. 1st D.C.A. 1980).
This decision comports with the generally accepted and better reasoned view throughout the United States. 73 Am.Jur.2d `Statute of Frauds', §§ 533, 534. See also the annotation entitled "Statute of Frauds  Performance" in 6 A.L.R.2d 1053 wherein it stated at page 1111:
"It has been generally, though not universally, held or recognized that complete performance by one party of an oral contract not to be performed within a year takes the contract out of the Statute of Frauds."
The judgment appealed from is reversed and remanded to the trial court.
LETTS, C.J. and DOWNEY, J., concur.
NOTES
[1] Count IV, which stated a claim based on violations of the Fair Labor Standards Act was voluntarily dismissed by the Plaintiff. Plaintiff did not challenge the dismissal of Count III, nor did Plaintiff challenge the dismissal of Count II as it applied to the Defendant, Bennet H. Vaughn.
[2] Defendant, Appellee concedes that a claim for quantum meruit is not subject to the statute of frauds.