Bill Sanders, plaintiff below, appeals from adverse rulings on all five counts of his complaint against Liberty National Life Insurance Company, his former employer. The Circuit Court of Coffee County granted Liberty National's motion to dismiss Count I, which alleged breach of an oral contract of employment. The court held that the alleged contract, which was not to be performed within one year, violated the Statute of Frauds of Florida, where the contract was made. The court also transferred the remaining four counts, of which II through IV alleged fraud and V alleged bad faith, to the Circuit Court of Geneva County. That court granted summary judgment on these remaining counts, holding that they were barred by Alabama's one-year statute of limitations.
The facts of this case are as follows:
Sanders was an employee of Liberty National Life Insurance Company from February 14, 1968, to June 9, 1980. He was first employed as an agent in the Pinellas District of Liberty in Clearwater, Florida. In February 1971, he was promoted to sales manager in that district.
Sanders contends that Liberty National, in 1976, represented to him that if he would move himself and his family to California, and there remain for two and one-half years, Liberty National would return him to the "East Coast" in a position as district manager. Liberty National asserts that Sanders requested a transfer to California. In any event, Sanders did transfer to Glendale, California, early in 1976.
In November 1978, Sanders requested to be transferred back to the "East Coast" as a district manager. In December 1978, Liberty informed him that he could only be transferred back to the "East Coast" as a sales manager. Thereafter, Sanders requested a transfer to Montgomery, Alabama, as a sales manager.
After working as a sales manager in Montgomery for five months, Sanders requested a transfer to the Enterprise District of Liberty National as an agent. He was transferred effective July 2, 1979. After working in the Enterprise District for less than one year, Sanders resigned from Liberty National.
Sanders filed a five-count complaint against Liberty National on June 22, 1981. Count I of that complaint alleged breach of an oral agreement between Sanders and Liberty National that if he would transfer from Florida to California, and remain there for at least two years, that Liberty would transfer him to the "East Coast" as a district manager. Counts II-V alleged that Liberty National procured Sanders's agreement to work in California for two years by making representations fraudulently and in bad faith. Additionally, the complaint alleged that Sanders had fully performed his obligations under the agreement with Liberty National.
Sanders raises the following issues on appeal:
 1. Whether the trial court erred in construing the Florida Statute of Frauds as barring an action on an oral contract of employment for more than one year, which allegedly was fully performed by the employee?[1] *Page 911 
 2. Whether the trial court properly applied Alabama's one-year statute of limitations to a cause of action based on Florida's substantive law of fraud?
Although we agree with the trial court that Alabama's one-year statute of limitations is applicable in this case, we do not believe that Florida's Statute of Frauds bars an action on an oral contract of employment for more than one year, which allegedly was fully performed by the employee. The judgment of the trial court is reversed.
The Fourth District Court of Appeals of Florida has directly addressed the first issue raised by Sanders. That court, in reversing a judgment dismissing plaintiff's complaint for damages for breach of an oral employment contract for two years and for quantum meruit respectively, said:
 The sole issue before this court is whether complete performance by an employee of an oral contract of employment, which by its very terms cannot be performed within one year, removes the otherwise barred contract from the operation of the statute of frauds. We hold in the affirmative. See Venditti-Siravo v. City of Hollywood, 418 So.2d 1251
(Fla. 4th D.C.A. 1982); Gerry v. Antonio, 409 So.2d 1181 (Fla. 4th D.C.A. 1982); W.B.D. Inc. v. Howard Johnson, Co., 382 So.2d 1323 (Fla. 1st D.C.A. 1980).
Hiatt v. Vaughn, 430 So.2d 597, 598 (Fla.Dist.Ct.App. 1983). The court aptly noted that its decision "comports with the generally accepted and better reasoned view throughout the United States."Id., citing 73 Am.Jur.2d Statute of Frauds, §§ 533, 534 (1974). On the basis of this authority, we conclude that the trial court's dismissal of Sanders's count for breach of contract, which included the allegation of full performance of his duties under the contract, was error. Sanders is entitled to an opportunity to prove the terms of his agreement with Liberty National, and the extent of his performance under that agreement.
In reaching our conclusion concerning Sanders's count for breach of contract, we reject application of several decisions of the Florida appellate courts that have been cited to us by Liberty National. The case of Food Fair Stores, Inc. v. VanguardInvestments Company, Ltd., 298 So.2d 515 (Fla.Dist.Ct.App. 1974), is inapposite because full performance of the contract in question was deemed impossible by the court. Likewise, the case of Tobin Tobin Insurance Agency, Inc. v. Zeskind, 315 So.2d 518
(Fla.Dist.Ct.App. 1975), is inapplicable because the court was clearly of the opinion that the plaintiff had not fully performed its continuing obligation under the contract. 315 So.2d at 519 n. 1, 520 n. 2. In addition, the cases of Ostman v. Lawn,305 So.2d 871 (Fla.Dist.Ct.App. 1974), and Tanenbaum v. BiscayneOsteopathic Hospital, Inc., 190 So.2d 777 (Fla. 1966), provide no guidance for the decision of the case sub judice because the opinions in those cases contain no discussion of the effect of one party's full performance of its obligations under an oral contract not to be performed within one year.
We also find the majority opinion in Rowland v. Ewell,174 So.2d 78 (Fla.Dist.Ct.App. 1965), to be of little authoritative value in the determination of the issue under consideration. The majority of the Rowland court regarded the plaintiff's conduct under the doctrine of part performance, not full performance, and noted:
 "In accordance with the general rule . . . it has been held or recognized that the part-performance of an oral contract for employment not to be performed within a year did not take the contract out of the statutes of fraud."
174 So.2d at 80, quoting Annot., 6 A.L.R.2d 1053, 1074 (1949). In contrast, we must consider the effect of Sanders's allegation offull performance of his obligations *Page 912 
under the agreement with Liberty National, about which the same annotation cited by the majority in Rowland says:
 It has been generally, though not universally, held or recognized that complete performance by one party of an oral contract not to be performed within a year takes the contract out of the Statute of Frauds.
Annot., 6 A.L.R.2d 1053, 1111 cited in Hiatt v. Vaughn, 430 So.2d at 598; Rowland v. Ewell, 174 So.2d at 81 (dissenting, Justice, J.). Consideration of this authority further supports our conclusion that Sanders should be permitted to pursue his breach of contract claim against Liberty.
We now address Sanders's argument that Florida's four-year statute of limitations, rather than Alabama's one-year statute of limitations, should have been applied to his fraud counts by the trial court. Sanders concedes that those counts are barred by the Alabama statute if it is found to be applicable.
Alabama courts will only apply another state's statute of limitations when it is demonstrated that "the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself." Departmentof Revenue v. Lindsey, 343 So.2d 535, 537 (Ala.Civ.App. 1977). In other words, the limitation must be found to be a part of the "public policy" of the other state. See Bodnar v. Piper AircraftCorp., 392 So.2d 1161, 1163 (Ala. 1980). Sanders has failed to show this court that such is true of the Florida statute of limitations applicable to fraud. Consequently, Alabama's one-year statute of limitations was properly applied by the trial court, and Sanders's fraud counts are barred in the courts of this state.
For the foregoing reasons, we reverse the judgment of the trial court as to Count I of plaintiff's complaint, affirm as to the other counts, and remand the case for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, FAULKNER, ALMON and EMBRY, JJ., concur.
TORBERT, C.J., recused.
[1] Florida's Statute of Frauds, Fla.Stat. § 725.01 (1979), states: "No action shall be brought . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized." The language of the statute differs markedly from the Alabama Statute of Frauds, § 8-9-2, Code 1975, which we do not construe here.