**Henry Harold RANDOLPH, et al., Plaintiffs,**

v.

**TENNESSEE VALLEY AUTHORITY, Defendant.**

**Civ. A. No. 91–AR–1541–S.**

United States District Court, N.D. Alabama, S.D.

June 8, 1992.

J. Edmund Odum, Jr., Clarence L. McDorman, Jr., Yearout Myers & Traylor P.C., Birmingham, Ala., for plaintiffs.

Thomas A. Robins, Edward S. Christenbury, Edwin Small, Tennessee Valley Authority, Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION

ACKER, District Judge.

The court has for consideration the motion of Tennessee Valley Authority (TVA), defendant in the above-entitled cause, for judgment on the pleadings. This motion is based on the contention that the statute of limitations bars the action. For the following reasons, the motion will be deferred for ruling for a period of ten (10) days on certain conditions to be set forth below.

### Pertinent Facts

Plaintiffs, Henry Randolph and David Roberts, filed this action on July 8, 1991, a Monday, alleging that they sustained injuries in a car accident on July 6, 1989, as the proximate result of negligence on the part of TVA. The TVA vehicle was driven by James Mills, an admitted employee of TVA.[1] The accident occurred in Tennessee.

### Conclusions of Law

■ A federal court sitting in diversity applies the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In Alabama, the traditional choice of law rule of *lex loci delicti* governs tort causes of action and requires that the *substantive* law of the place where the tort occurred must be employed, while *procedural* law of the forum state is to be applied. *Alabama Great So. R.R. v. Carroll*, 97 Ala. 126, 11 So. 803 (1892). The Supreme Court of the United States has recognized that this principle is proper and is consistent with the constitutional requirement of "full faith and credit". *Wells v. Simonds Abrasive Co.*, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953). Accordingly, in this case this court must apply the procedural rules of Alabama, but

the substantive law of Tennessee. It follows that this court must first address the question of how Alabama regards Tennessee's particular statute of limitations, as procedural or substantive.[2]

In *Battles v. Pierson Chevrolet, Inc.*, 290 Ala. 98, 274 So.2d 281 (1973), the Supreme Court of Alabama stated the general rule that the statute of limitations of the forum state controls, *unless* the accident occurred and the cause of action arose in a jurisdiction which has a so-called "built-in" statute of limitations. As already stated, it is generally recognized in Alabama that statutes of limitations are procedural, and that an Alabama court will apply the statute of limitations of the foreign state where an accident occurs *only* if it is clearly demonstrated that the "limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself". *Department of Revenue v. Lindsey*, 343 So.2d 535, 537 (Ala.Civ.App.1978). The Supreme Court of Alabama in *Bodnar v. Piper Aircraft Corp.*, 392 So.2d 1161 (Ala.1981), created undisguised confusion by holding that the Alabama trial court there being reviewed must apply the statute of limitations of Georgia, the state in which an alleged wrongful death had occurred, notwithstanding the clear matter of fact and of law that Georgia's wrongful death statute did *not* have a limitations period "built-into" that state's substantive right to recover for a wrongful death. To the contrary, the Georgia limitations period was described by the Alabama court in *Bodnar* simply as a matter of Georgia "public policy", and yet it was held to constitute a bar. It can be forcefully argued, then, that *Bodnar* constituted a retreat from, or an implicit overruling of, or a material deviation from, *Battles* and *Lindsey*.

In *Sanders v. Liberty National Life Ins. Co.*, 443 So.2d 909 (Ala.1983), the Alabama court came again around to the *Lindsey* principle, but without rejecting *Bodnar*.

---

**1.** The action as against Mills was dismissed by order of August 8, 1991.

**2.** The court specifically requested the parties to address this issue because of *Bodnar v. Piper Aircraft Corp.*, 392 So.2d 1161 (Ala.1981), discussed *infra*.

In what appears to have been an attempt to reconcile or to accommodate to *Bodnar*, the *Sanders* court went on to say about the "built-in" concept: "In other words, the limitation must be found to be a part of the 'public policy' of the foreign state". *Id.* at 912. This sounds like a reaffirmation of the *Bodnar* aberration. "Public policy" of the *loci delicti* on the question of limitations had been found controlling in *Bodnar*. Importantly, *Sanders* held that Alabama law requires that a foreign limitations statute by its own terms qualify a substantive right in order for the limitations to be considered substantive. *Id.* In other words, it now seems that the concept of a "built-in" limitation, which acts as something like a rope which, when its end is reached, jerks the life out of the cause of action, and a "public policy" against allowing a plaintiff to sue on a particular cause after a certain period of time has elapsed, have somehow melded and merged as a matter of the Alabama law of conflicts. This court finds it impossible to understand the distinction, if there is any, between a "built-in" limitation and a "public policy" limitation, much less to apply such a distinction to this particular fact situation. Why this court should find that Tennessee's one-year statute of limitations should not be considered an important "public policy" of Tennessee in terms of *Bodnar* is too hard an undertaking for this court, and this court will decline the task.

 This action is one for personal injuries based on simple negligence, and not for wrongful death. This may or may not provide a justification for ignoring *Bodnar*, which, as noted, has not been overruled. Still, there is nothing whatsoever here to suggest that the Tennessee one-year statute of limitations applicable to such a cause of action as this, namely, Tenn.Code § 28–3–104 (1991), is so inextricably bound up with or tied to the cause of action itself as to be considered substantive, like the proverbial rope. But, treating the concepts of "built-in" and "public policy" as synonyms, the court will not find, with no help from the Tennessee Supreme Court, that the Tennessee one-year statute of limitations is such an important or crucial "public policy" of Tennessee as to be elevated to the status of the "substantive" law of that state to the north of us. The pertinent Tennessee statute is no more and no less than a general limitations statute applicable to all actions arising out of "injury to the person". Accordingly, this court will tentatively treat the Tennessee limitations period as procedural and therefore not relevant to the present inquiry. This inexorably leads the court to the conclusion that the Alabama two-year statute of limitations for negligence actions, Ala.Code § 6–2–38(n) (1975), being the limitations period of the forum state, is the limitation applicable to this case.[3]

During the pre-trial conference, the court ventured its belief that this action is not barred if the Alabama two-year statute applies. A reading and application of Rule 6(a), F.R.Civ.P., which governs the computation of the time for filing papers in a federal court, tentatively satisfies this court that plaintiff timely filed this action. Both Rule 6(a) and Ala.Code § 1–1–4 (1975) provide that the time for computing a limitations period shall exclude the first day within which the filing may be accomplished and include the last. The cause of action here admittedly accrued on July 6, 1989. Therefore, that day was not to be considered for purposes of limitations. The starting date for the two-year limitations period was July 7, 1989. The ending date of the two-year period was July 6, 1991. However, July 6, 1991, was a Saturday, and July 7, 1991, was a Sunday, both of which days are explicitly excluded as computable days under Rule 6(a). Section 1–1–4 does not mention, much less expressly exclude, *Saturdays* for the purposes of time computation under Alabama law. It does provide that a "day on which the office in which the act must be done shall

---

**3.** In reply, TVA makes the argument that Ala. Code § 6–2–17 applies to this tort claim. This court, however, can find no cases where that section, titled "Effect of foreign statutes upon actions on contracts", has been applied to tort actions and, therefore, declines to apply that limitations period.

1224

close as permitted by any law of this state" shall also be excluded. Theoretically, this action could have been filed against TVA on July 6, 1991, in any Alabama county courthouse if it was officially open for business on that particular Saturday in the Northern District of Alabama. TVA, however, has produced no evidence to demonstrate that any Alabama courthouse within the 31 counties comprising the Northern District of Alabama, and in which TVA is amenable to service of process, was open to receive court papers on Saturday, July 6, 1991. Therefore, because the actual day which inevitably arrived two years after the accident was a Saturday, followed by a Sunday, the court determines tentatively that *Monday*, July 8, 1992, was the last day within which the required act, i.e., filing the complaint, here could be performed. The complaint in question, even though filed at 5:05 p.m. on July 8, 1991, will be deemed timely, and defendant's motion to dismiss will be denied UNLESS within ten (10) days from this date, TVA both (1) offers proof that at least one Alabama courthouse within the Northern District of Alabama where TVA was amenable to service of process was open to receive court papers on July 6, 1991; and (2) files a supplementary memorandum explaining, if it can, why the Alabama rule for computing the last day for filing this complaint should be applied here instead of the federal rule, or, in other words, why the federal rule for computing the last day does not override a state procedure allowing a Saturday filing in cases where the diversity jurisdiction of the federal court is invoked. These are unique and as yet unanswered questions.

If TVA avails itself of the opportunity to supplement its position as hereinabove provided, and if this court denies TVA's motion to dismiss, and if TVA requests a certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), this court will enter such an order.