Hunter JONES, Plaintiff,

v.

**TRIPLE CROWN SERVICES COMPANY, Triple Crown Services, Inc., TCS Leasing, Inc., Michael J. Randolph, and Gregory Bell, Defendants.**

No. Civ.A. 99–A–256–E.

United States District Court,
M.D. Alabama,
Eastern Division.

April 23, 1999.

William Banks Herndon, Jr., Loftin, Herndon, Loftin & Miller, Phenix City, AL, for Hunter Jones, plaintiff.

Crawford S. McGivaren, Jr., John N. Graham, Benjamin T. Rowe, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, AL, for defendants.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. *INTRODUCTION*

This cause is before the court on a Motion to Remand filed by the Plaintiff on April 12, 1999. This court received the Defendants' Response on April 19, 1999.[1] Two other motions presently are pending before this court: (1) Motion to Transfer Venue to the United States District Court for the Northern District of Georgia, filed by Defendants Triple Crown Services Company, Michael Randolph, and Gregory Bell, on March 15, 1999, and (2) Motion to Quash Service of Process, filed on March 15, 1999. For reasons to be discussed, the Motion to Remand is due to be GRANT-ED. Accordingly, the Motion to Transfer Venue is due to be DENIED as moot, and the Motion to Quash Service of Process will be left for disposition by the Circuit Court of Russell County, Alabama.

### II. *FACTS*

Defendant Triple Crown Services Company ("Triple Crown") is an interstate contract carrier by motor vehicle. From time to time, Triple Crown uses vehicular equipment owned and operated by others. The Plaintiff, Hunter Jones, had contracted with Triple Crown to provide and operate vehicular equipment in connection with Triple Crown's business as a contract carrier. In this action, the Plaintiff alleges that Defendants Michael Randolph and Gregory Bell, acting in their capacity as agents or employees of the corporate Defendants, made fraudulent misrepresentations and offered a "dedicated haul" arrangement to the Plaintiff. Compl. ¶ 6.

According to the Plaintiff, he agreed to haul loads of freight from the Mead paper mill in Russell County, Alabama on nights and weekends. In return, the Defendants guaranteed the Plaintiff the right to haul the first four loads per day out of the Mead plant to a destination in East Point, Georgia. *See id.* Mr. Jones further alleges that the Defendants subsequently induced him to purchase another truck and train additional drivers by dedicating to him all loads of freight out of the Mead plant, to the extent he could handle them. *Id.* ¶ 7. According to Mr. Jones, the Defendants refused to honor the dedicated haul commitments in or about March 1995. *Id.* ¶ 8.

---

**1.** Defense counsel submitted Defendants' Brief in Opposition to Plaintiff's Motion to Remand and Defendants' Reply to Plaintiff's Brief in Opposition to Defendants' Motion to Transfer Venue directly to the judge's chambers without filing originals with the clerk of court. Under Federal Rule of Civil Procedure 5(e), filing of papers with the court "shall be made by filing them with the clerk of court," except that the judge may permit the papers to be filed with the judge. There is no general practice in this district of permitting parties to file papers with the judge rather than the clerk of court. In this instance, the court has transmitted the papers to the office of the clerk and noted the filing date as April 19, 1999, the date on which the briefs were received in chambers. In the future, defense counsel is advised to file all papers with the clerk of court in compliance with Federal Rule of Civil Procedure 5(e).

Plaintiff initiated the present suit by filing a Complaint in the Circuit Court of Russell County, Alabama, on February 3, 1999. In the Complaint, he states claims for fraud and breach of contract. Mr. Jones is a resident of Mauk, Georgia, in the Columbus Division of the Middle District of Georgia. *See* 28 U.S.C. § 90(b). Defendants Michael Randolph and Gregory Bell are residents and citizens of Georgia. They reside in the Northern District of Georgia, and they are employees of Defendant Triple Crown at its terminal in East Point, Fulton County, Georgia, which is in the Northern District of Georgia. Defendant Triple Crown is a Delaware general partnership with its principal place of business in Fort Wayne, Indiana. It is not a citizen of the state of Georgia for purposes of diversity jurisdiction.[2]

On March 12, 1999, Defendants Triple Crown, Randolph, and Bell removed the case to this court. *See* Notice of Removal (File Doc. 1). As a basis for removal, they assert that the individual Defendants, Randolph and Bell, were fraudulently joined to defeat diversity jurisdiction. *See id.* ¶ 11. On April 12, 1999, the Plaintiff filed a Motion to Remand, asserting that the Defendants have failed to demonstrate fraudulent joinder of the non-diverse Defendants.

### III. *REMAND STANDARD*

■ Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir.1994); *Wymbs v. Republican State Executive Committee,* 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have

the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

### IV. *DISCUSSION*

■ A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *See id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

■ Because of the complete diversity requirement, a plaintiff may prevent removal simply by joining a defendant that shares the same state citizenship as the plaintiff. In the present case, the Plaintiff shares Georgia citizenship with Defendants Randolph and Bell. Defendants contend, however, that Randolph and Bell were fraudulently joined. The filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal is called a "fraudulent joinder." Courts may disregard the citizenship of fraudulently joined defendants

---

**2.** There are two other named Defendants, Triple Crown Services, Inc. and TCS Leasing, Inc., which the Plaintiff labels as foreign corporations. In a Motion to Quash Service of Process, Defendants state that Triple Crown Services, Inc. was the former name of the corporation now known as TCS Leasing, Inc.,

which is incorporated under the laws of Oklahoma with its principal place of business in Virginia. *See* Motion to Quash Service of Process (File Doc. 3) ¶ 3. Thus, TCS Leasing, Inc. would not be considered a citizen of the state of Georgia for purposes of diversity jurisdiction. Plaintiff has not filed a Response.

when assessing the existence of complete diversity. *See Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir.1979) [3]; *see also Thomas v. Jim Walter Homes, Inc.,* 918 F.Supp. 1498 (M.D.Ala.1996).

The Eleventh Circuit applies a two-fold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, or (2) that the plaintiff fraudulently pleaded jurisdictional facts. *Crowe v. Coleman,* 113 F.3d 1536 (11th Cir.1997). If the removing party fails in an attempt to demonstrate the existence of a fraudulently joined party, then the case must be remanded to state court. *See Bolling v. Union Nat'l Life Ins. Co.,* 900 F.Supp. 400, 407 (M.D.Ala. 1995). Because there is no contention that the Plaintiffs fraudulently pleaded jurisdictional facts, the court will apply the first test to this case.

The burden of proving fraudulent joinder rests with the Defendants as the removing parties. *See Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983). This court has previously pointed out that defendants have a heavy burden in attempting to prove fraudulent joinder. *Bolling,* 900 F.Supp. at 407. A claim of fraudulent joinder must be supported by clear and convincing evidence. *Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir.1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964); *see also Bolling,* 900 F.Supp. at 406. In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff. *See Crowe,* 113 F.3d at 1538. In fact, "the district court should

resolve all questions of fact and controlling law in favor of the plaintiff. . . ." *Id.*

Defendants assert that the applicable statute of limitations bars the Plaintiff's fraud claims against Randolph and Bell, leaving no possibility that the Plaintiff could establish a claim against the non-diverse Defendants in state court.[4] Under Alabama law, fraud actions are subject to a two-year limitations period. Ala.Code § 6–2–38(1). The period does not begin to run "until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." Ala. Code § 6–2–3 (1993). There is no dispute that the limitations period for the Plaintiff's fraud claims began to run, at the latest, in March 1995, and thus, the fraud claims against the individual Defendants are untimely under Alabama law.

Plaintiff contends, however, that the Georgia statute of limitations should apply. The parties agree that the Georgia statute of limitations applicable to fraud claims is four years. *See* O.C.G.A. § 9–3–31. Thus, assuming that the limitations period began to run in March of 1995, the fraud actions against the individual Defendants would be timely under Georgia law.

A federal court exercising diversity jurisdiction must apply the conflict of laws rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). The parties apparently do not dispute that Alabama courts would apply the substantive law of Georgia to the claims in this case. Under the principle of "lex loci delicti," Alabama courts determine the substantive rights of an injured party according to the law of the state where the injury occurred. *Fitts v. Minnesota Mining & Manufacturing Co.,* 581 So.2d 819,

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

**4.** Plaintiff has not attempted to refute Defendants' contention that the breach of contract claim cannot lie against the individual Defendants because they were acting as agents or employees of the corporate Defendants.

820 (Ala.1991). The conduct and statements giving rise to the Plaintiff's claims occurred in Georgia.

■ Alabama courts, however, "will enforce only those laws of the other state that are substantive in nature." *Etheredge v. Genie Industries, Inc.,* 632 So.2d 1324, 1326 (Ala.1994). In *Etheredge,* the Alabama Supreme Court applied the Alabama statute of limitations to a products liability action arising under the substantive law of North Carolina. The court noted a distinction "between a true statute of limitations and a statute which creates a new right of action with an express restriction on the time within which an action may be brought to enforce the right." *Id.* (quoting *Cofer v. Ensor,* 473 So.2d 984, 987 (Ala. 1985)). If a statute of limitations is procedural and goes only to the remedy, Alabama courts will apply the law of the forum. *See id.* Under Alabama law, a statute of limitations is construed as affecting the remedy only, unless the act specifically declares otherwise. *See id.* Thus, Alabama courts "will apply another state's statute of limitations only when it is demonstrated that 'the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself.' " *See id.* at 1327 (quoting *Cofer,* 473 So.2d at 987).

The *Etheredge* court held that the North Carolina statute of repose was procedural. It was found in the "Civil Procedure" chapter of the North Carolina General Statutes, it was entitled "Six Years," and it merely listed those causes of action to which a six-year limitations period applied. *See id.* at 1327. In the present action, Defendants note similarities between the North Carolina statute found to be procedural in *Etheredge* and Georgia's four-year statute of limitations for fraud actions. The Georgia statute is general in its application, applying to "[a]ctions for injuries to personalty," and it is found within the "Civil Practice" title of the Georgia Code,

wholly apart from the section of the Georgia Code creating the substantive law of fraud.

Accordingly, Defendants contend that the Georgia statute clearly is procedural and thus inapplicable to the Plaintiff's claims. In support, Defendants cite a recent decision in which Judge DeMent applied the Alabama statute of limitations to a fraud action governed by the substantive law of Georgia. *See Cordell v. Greene Finance of Georgetown,* 953 F.Supp. 1391, 1403 (M.D.Ala.1996). In *Cordell,* however, the court had established its jurisdiction to hear the case. The court applied the Alabama statute of limitations to the Plaintiff's fraud claims in the context of a motion for summary judgment.[5] *See id.* at 1393.

In the context of the present motion, this court is not called upon to determine whether the Georgia statute of limitations is substantive or procedural. Instead, the court must decide whether the Plaintiff fraudulently joined Defendants Randolph and Bell in this action. Defendants establish fraudulent joinder only by demonstrating that there is no possibility the plaintiff could establish a cause of action against the resident defendants in state court. Thus, the relevant question for this court under the facts of this case is whether there is any possibility that an Alabama court may find that the Georgia statute of limitations is substantive.

In *Bodnar v. Piper Aircraft Corp.,* 392 So.2d 1161 (Ala.1980), the Alabama Supreme Court applied Georgia's two-year statute of limitations to a wrongful death action arising under the substantive law of Georgia. The applicable Georgia statute stated in part, "Actions for injuries to the person shall be brought within two years after the right of action accrues ..." *See* O.C.G.A. § 9-3-33 (1982) (formerly Ga. Code Ann. § 3-1004). Although the statute applied generally and was located in a

---

**5.** Moreover, the court expressly noted that the parties did not contest the issue that the Ala-

bama statute of limitations applied. *See id.* at 1403 n. 16.

section of the Georgia Code separate from the Georgia Wrongful Death Statute, the court disagreed with the defendants' assertion that the Georgia statute was procedural, rather than substantive. *See Bodnar,* 392 So.2d at 1162. In support of its holding, the court noted that the Georgia Supreme Court declared the two-year period to be "the public policy" of that state. *Id.* at 1163 (citing *Taylor v. Murray,* 231 Ga. 852, 204 S.E.2d 747 (1974)).

In *Randolph v. Tennessee Valley Authority,* 792 F.Supp. 1221, 1222–23 (N.D.Ala.1992), the court lamented the "undisguised confusion" which the Alabama Supreme Court created in Bodnar. Judge Acker noted the established general rule that Alabama courts viewed statutes of limitation as procedural and would apply the statute of limitations of the foreign state where an accident occurs only if it is clearly demonstrated that the " 'limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself.' " *See id.* at 1222 (quoting *Department of Revenue v. Lindsey,* 343 So.2d 535, 537 (Ala.Civ.App.1977)). By applying a Georgia statute of limitations which was not "built-into" the substantive right to recover for wrongful death, the *Bodnar* court appeared to retreat from the established rule. *See id.* at 1222.

In a subsequent opinion, the Alabama Supreme Court conflated the pre-Bodnar rule with Bodnar's discussion of "public policy." *See Sanders v. Liberty National Life Ins. Co.,* 443 So.2d 909 (Ala.1983). The court stated:

> Alabama courts will only apply another state's statute of limitations when it is demonstrated that "the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself." *Department of Revenue v. Lindsey,* 343 So.2d 535, 537 (Ala.Civ.App.1977). In other words, the limitation must be found to be a part of the "public policy" of the other state. *See Bodnar v. Piper*

*Aircraft Corp.,* 392 So.2d 1161, 1163 (Ala.1980).

*Id.* at 912. Applying this doctrine, the *Sanders* court held that a trial court had not erred by applying an Alabama statute of limitations to a claim based on Florida's substantive law of fraud. *See id.*

In *Etheredge v. Genie Industries, Inc.,* 632 So.2d 1324, 1326 (Ala.1994), the Alabama Supreme Court expressly rejected the defendant's reliance on decisions of the North Carolina Supreme Court interpreting North Carolina's statute of limitations as substantive. *See Etheredge,* 632 So.2d at 1327. The Alabama Supreme Court stated, "[I]t is for this Court to determine whether the statute is substantive or procedural. The North Carolina decisions 'are of no legal consequence for purposes of this analysis. It is Alabama law that is binding.' " *Id.* (quoting *Thomas v. FMC Corp.,* 610 F.Supp. 912, 916 (M.D.Ala. 1985)). This language is difficult to reconcile with the Bodnar court's reliance on a Georgia Supreme Court decision declaring a Georgia statute of limitations to be the "public policy" of the state. Yet the *Etheredge* court cited *Bodnar* as support for the basic principle that Alabama courts will apply only those laws of another state which are substantive in nature.

It is unclear what vitality, if any, the *Bodnar* opinion continues to have in light of more recent cases such as *Etheredge.* Nevertheless, the Alabama Supreme Court has continued to cite *Bodnar* without expressly rejecting its reasoning. As noted above, the *Bodnar* court found a Georgia statute of limitations, similar to the one at issue in the present case, to be substantive rather than procedural. Because of the Alabama Supreme Court's apparent reluctance to abandon entirely its reasoning in *Bodnar,* this court cannot definitively conclude that there is no possibility for the Plaintiff to establish his claims against the individual Defendants in an Alabama state court. Therefore, the Defendants have not established that joinder of Randolph and Bell was fraudulent.

## V. *CONCLUSION*

For the reasons stated above, Plaintiff's Motion to Remand is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

## *ORDER*

In accordance with the memorandum opinion issued on this day,

1. The Plaintiff's Motion to Remand is GRANTED.

2. The Defendants' Motion to Transfer Venue is DENIED as moot.

3. This cause is hereby REMANDED to the Circuit Court of Russell County, Alabama.

4. The clerk is DIRECTED to take all steps necessary to effect this remand.

5. The Motion to Quash Service of Process will be left for disposition by the Circuit Court of Russell County, Alabama.

6. Costs are taxed against the Defendant.