**Mary Evelyn THOMAS, etc., Plaintiff,**

v.

**FMC CORPORATION, A Corporation, et al., Defendants.**

**Civ. A. No. 83V–385–N.**

United States District Court,
M.D. Alabama, N.D.

June 5, 1985.

R. Bradford Wash and L. Andrew Hollis, Jr., Birmingham, Ala., for plaintiff.

William C. Knight, Jr., Birmingham, Ala., for FMC Corp.

De Martenson, Birmingham, Ala., for General Motors.

## OPINION

VARNER, District Judge.

This cause is now before the Court on the motion for summary judgment filed herein December 17, 1984, by Defendant, General Motors Corporation [hereinafter GM]. Upon consideration of all pleadings, affidavits and documents submitted herein, this Court is of the opinion that said motion is due to be granted.

Plaintiff filed her original Complaint herein on February 11, 1983, for the wrongful death of her husband, who was killed in an accident involving a Howitzer in West Germany on February 11, 1982. On December 9, 1983, Plaintiff amended her complaint to include GM as a party Defendant to this cause of action. In said amendment of December 9, 1983, Plaintiff alleges that GM had manufactured the subject Howitzer's final drive coupling, the failure of which proximately caused the accidental death of Plaintiff's husband. Plaintiff further alleged that GM (1) negligently failed to warn of the dangers associated with the

final drive coupling; (2) negligently designed, manufactured and distributed the final drive coupling; (3) designed, manufactured and distributed the final drive coupling in a defective and not reasonably safe condition; and (4) breached various implied and express warranties in the sale of the aforesaid final drive coupling.[1]

On January 18, 1985, the Plaintiff filed herein another amendment to her Complaint, styled "Third Amendment to Complaint". In said amendment, Plaintiff alleged that GM negligently designed, manufactured and sold the transmission, final drive coupling and securing device to the final drive coupling, the failure of which was the proximate cause of Plaintiff's decedent's death and that said claim was actionable under Title 25, Section 823, of the German Civil Code. Plaintiff further alleged that said claim was timely filed pursuant to the three-year statute of limitations as prescribed in Title 25, Section 852 of the German Civil Code.

In the motion for summary judgment now under consideration, GM contends, inter alia, (1) that Plaintiff's claim herein arising under Alabama law is due to be dismissed as German law, not Alabama law, is controlling in this cause on substantive issues and (2) that Plaintiff's claim arising under German law is due to be dismissed as time barred by CODE OF ALABAMA [1975], § 6-2-39, a general limitation law of Alabama—a procedural law.

■ This Court has jurisdiction over the above-styled cause by virtue of the diversity of citizenship of the parties hereto. In diversity cases a federal court, in deciding questions of conflict of laws, must follow the rules prevailing in the State in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In the State of Alabama, it is well settled that the traditional doctrine of lex loci delecti controls choice of law questions. *Bodnar v. Piper Aircraft*

---

1. Plaintiff concedes, however, that German warranty law will not support an action for wrongful death; therefore, all warranty claims herein are due to be dismissed.

*Corp.*, 392 So.2d 1161 (Ala.1980); *Sanders v. Liberty National Life Ins. Co.*, 443 So.2d 909 (Ala.1983). That doctrine holds that, in wrongful death actions, a court should apply the substantive law of the place where the injury occurred, while applying the procedural law of the forum State.

■ In applying the aforesaid Alabama choice of law rules to the case at bar, it appears that the substantive law of the State of Germany, as the situs of the fatal accident in question, governs. Therefore, Plaintiff's claim under the Alabama wrongful death statute against GM as alleged in the December 9, 1983, amendment to her Complaint is due to be dismissed as Alabama substantive law is not controlling in this cause.

This Court must now direct its attention to Plaintiff's claim arising under Title 25, Section 823 of the German Civil Code. Title 25 is entitled, "Delicts". A "Delict" is defined by WEBSTER'S NEW INTERNATIONAL DICTIONARY, in pertinent part, as:

> "An offense or transgression against law; chiefly used in the Civil and Scots law to designate Civil wrongs corresponding closely to the torts of English law."

Title 25 of the Civil Code of Germany is a compilation of the actionable civil wrongs within the jurisdiction of that sovereign State. Section 823 of that title provides:

> § 823 [Duty to Compensate for Damage]
> "(1) A person who, willfully or negligently, unlawfully injures the life, body, health, freedom, property or other right of another is bound to compensate him for any damage arising therefrom."

It is part of the substantive law of Germany that wrongful deaths are processed under § 823 above. *Judgment of June 3, 1975*, Bundesgerichtshof, Betriebs-Berater (1975), pp. 1031–1032.

Title 25, Section 852 of the German Civil Code provides, in pertinent part, the following:

> § 852 [Prescription]

> "(1) The claim for compensation for any damages arising from a delict is barred by prescription in three years from the time at which the injured party has knowledge of the injury and of the identity of the person bound to make compensation."

Plaintiff filed her amendment to her Complaint joining GM as a party Defendant nearly two years after the date of the fatal accident in question. Although this is an action for the recovery of damages for a wrongful death, the limitations period found in § 6–2–38, CODE OF ALABAMA [1975], is inapposite to this cause. Section 6–2–38(a) provides:

> "(a) An action by a representative to recover damages for wrongful act omission or negligence causing the death of the decedent under sections 6–5–391 and 6–5–410 must be commenced within two years from the death."

By clear and express language, § 6–2–38(a) is specifically and solely applicable to claims arising under §§ 6–5–391 and 6–5–410 of the Alabama Code. It has no application to claims arising under the German Civil Code. The only Alabama limitation statute possibly pertinent to this cause is found in § 6–2–39(a)(5), CODE OF ALABAMA [1975], which provides for a one-year statute of limitations for any injury to the person or rights of another not arising from contract and not specifically enumerated elsewhere in that Code section. At issue, therefore, is whether Alabama regards foreign statutes of limitation as procedural or substantive law. If procedural, then the forum State law governs, and the general limitation law of Alabama (1 year) would effectively bar Plaintiff's claim arising under Title 25, Section 823 of the Civil Code of Germany. If substantive, then the German prescription period set forth in Section 852 would govern, and Plaintiff would have timely filed her claim arising under Section 823.

In support of her contention that § 852, German Code, is substantive, Plaintiff has tendered excerpts of various learned treatises, along with the letter opinion of Dr.

Reinhart, expert on German law, all to the effect that German courts consider § 852 to be part of that country's substantive, rather than procedural, law.

For choice of law purposes, determining whether a foreign limitations statute is procedural or substantive has long been a vexing problem for American courts. Over the years, several tests have been suggested. The one that has proved most enduring and universally accepted is the "specificity test" set forth by Justice Holmes in *Davis v. Mills*, 194 U.S. 451, 24 S.Ct. 692, 48 L.Ed. 1067 (1904). In that cause, Justice Holmes rejected the then-prevailing rule that the words of limitation must actually be "built-in" to the foreign statute creating the liability for the foreign limitation period to be considered substantive. The Court should, rather, look to see whether the foreign limitation statute was directed towards the statute creating the right so specifically as to warrant saying that it qualified that right. This test has emerged as the rule in the majority of American courts and has been adopted by the American Law Institute in the RESTATEMENT (SECOND) OF THE CONFLICT OF LAWS, § 143, Comment C [1971]. While not flawless, this test has many meritorious qualities. As Justice Harlan stated in *Bournias v. Atlantic Maritime Co.*, 220 F.2d 152 (2nd Cir.1955):

" * * * Where, as here, we are dealing with a statute of limitations of a foreign country * * * we think * * * this test [the specifics test] is the most satisfactory one. It does not lead American Courts into the necessity of examining into the unfamiliar peculiarities and refinements of difficult foreign legal systems, and where the question concerns the applicability of a Code provision of a civil law country, this test seems more appropriate than any of the others. * * It is true that the test we prefer leaves much to be desired * * * but it at least furnishes a practical means of mitigating what is, at best, an artificial rule in the conflict of laws."

■ It appears to this Court that Alabama has adopted a stringent version of the aforesaid specifics test. While reject- ing the aforesaid "built-in" requirement in determining the nature of a foreign limitation statute [see, *Bodnar v. Piper Aircraft Corp.*, supra], the Alabama Supreme Court has consistently hewn to the rule that, to be considered substantive, the foreign limitation statute must be so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself. See, *Sanders v. Liberty National Life Ins. Co.*, 443 So.2d 909 (Ala. 1983); *Bodnar v. Piper Aircraft Corp.*, supra. More importantly, Alabama law requires that a limitations statute *by its own terms* qualify a substantive right to be considered substantive law. In *Department of Revenue v. Lindsey*, 343 So.2d 535, 537 (Ala.Civ.App.1977), it was stated:

"Statutes of limitation are of two types. In one, the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself. In the other, the limitation is deemed to affect only the remedy and does not constitute part of the substantive right. By affecting the remedy it is meant that the statute establishes the time frame in which a party may seek to enforce his claim. The running of the latter type of statute of limitation does not extinguish a party's right, but merely precludes his judicial assertion of that right. [citations omitted]

"Alabama decisions state that a statute of limitations, unless the act specifically declares otherwise, is construed as affecting the remedy only. *Webster v. Talley*, 251 Ala. 336, 37 So.2d 190 (1948); *Odom v. Averett*, 248 Ala. 289, 27 So.2d 479 (1946). Here there is no express declaration otherwise. Hence the limitation * * * must be interpreted to affect only the State's remedy."

■ Applying the foregoing standard to the facts of the case at bar, it appears that Alabama law would characterize § 852 of the German Civil Code as procedural. Said section does not appear to be "inextricably bound" up in § 823, the statute section giving the Plaintiff the substantive right to sue. Section 852 modifies or qualifies all rights arising under Title 25 of the German

916

Civil Code. More importantly, § 852 does not contain any express language to the effect that it is to be construed as part of the substantive right itself. Therefore, § 852 of the German Civil Code is not applicable to the case at bar. The controlling limitation statute herein is one year as found in CODE OF ALABAMA [1975], § 6-2-39. The submitted treatises and opinion letter of Dr. Reinhart, which characterize § 852 as substantive under German law, are of no legal consequence for purposes of this analysis. It is Alabama law that is binding. Based upon the foregoing, all claims against GM are due to be dismissed as outside the time limitations set forth in CODE OF ALABAMA [1975], § 6-2-39.

An Order will be entered in accordance with this Opinion.

### ORDER

In accordance with the Opinion entered in the above-styled cause on this date, it is

ORDERED by this Court that the motion for summary judgment filed herein December 17, 1984, by Defendant, General Motors Corporation, is hereby granted and General Motors Corporation is hereby dismissed as a party. Defendant to this cause of action.