A92A1321. MADARIS v. PIGGLY WIGGLY SOUTHERN, INC.
(422 SE2d 273)

CARLEY, Presiding Judge.

Appellant-plaintiff brought suit, seeking to recover for injuries sustained when he slipped and fell while walking along a concrete sidewalk on appellee-defendant's business premises. The case was brought to trial before a jury, but, at the close of appellant's evidence, the trial court granted appellee's motion for a directed verdict. Appellant appeals from the judgment entered on the directed verdict.

1. Appellant sought to introduce testimony to the effect that, when applied to concrete sidewalks, "a very simple item like [safety tape] at a very low cost can help insure against falls." The trial court sustained appellee's objection to the introduction of this testimony and appellant enumerates this evidentiary ruling as error.

Appellee is not an insurer against the possiblility that its invitees

will suffer a fall while on its business premises. "A storekeeper is not liable as an insurer of the safety of persons whom he has invited to enter his premises. He owes them a duty of ordinary care, to have his premises in a reasonably safe condition, not to lead them into a dangerous trap, or to expose them to unreasonable risk, but to give them adequate and timely notice and warning of latent or concealed perils. [Cit.]" *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840, 842 (57 SE2d 680) (1950) Accordingly, it is immaterial that it was possible for appellee to have made its business premises safer for invitees. What is material is whether or not appellee had exercised ordinary care to maintain its business premises in a reasonably safe condition for invitees. " 'What the law requires is not warranty of the safety of everybody from everything, but such diligence toward making the store safe as a good business man is in such matters accustomed to use.' [Cits.]" *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980).

It follows that the trial court correctly sustained appellee's objection. The proffered testimony did not demonstrate that, at the time of the fall, appellee's business premises were not in a reasonably safe condition due to the absence of safety tape on the concrete sidewalk. It merely demonstrated that, through application of safety tape to the concrete sidewalk, appellee could have reduced the risk of an invitee suffering a fall on its business premises. If appellee's sidewalk was constructed "of a material commonly accepted in the building industry," the standard of ordinary care had been met. *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170 (1) (138 SE2d 77) (1964). The testimony proffered by appellant did not show that, in the building industry, it was the commonly accepted practice to construct concrete sidewalks with safety tape, rather than concrete sidewalks without safety tape.

2. Urging that the issue of appellee's liability for his fall should have been submitted to the jury, appellant enumerates as error the grant of the motion for a directed verdict.

Although it was raining when appellant fell, the evidence would authorize a finding that he slipped in a greasy substance and not merely on the rain-slick concrete. However, there was no evidence that appellee had any actual knowledge of the presence of the greasy substance on the sidewalk. There was mere speculation, but no evidence, that appellee's employees were somehow responsible for the actual placement of the greasy substance on the sidewalk. Compare *Lam Amusement Co. v. Waddell*, 105 Ga. App. 1 (4) (123 SE2d 310) (1961); *Colonial Stores v. Scholz*, 73 Ga. App. 268 (36 SE2d 189) (1945).

Insofar as appellee's constructive knowledge is concerned, there was no evidence that there was any employee of appellee in the immediate vicinity who could easily have noticed and removed the

greasy substance from the sidewalk. " ' "Thus, (the appellant's) sole avenue of possible recovery is one in which constructive knowledge on the part of (the appellee) is premised upon (the appellee's) failure to exercise reasonable care in inspecting and keeping the premises in (a) safe condition. [Cit.]" ' [Cit.]" *Boss v. Food Giant*, 193 Ga. App. 434, 436 (388 SE2d 37) (1989). However, " 'recovery under that approach requires proof of the length of time the dangerous condition was allowed to exist. [Cits.]' [Cit.]" *Food Giant v. Cooke*, 186 Ga. App. 253, 254 (1) (366 SE2d 781) (1988). On motion for summary judgment, the burden would be on appellee to prove the length of time the greasy substance had been present on its sidewalk. See *Boss v. Food Giant*, supra; *Food Giant v. Cooke*, supra. At the instant trial, however, the burden as to that issue was upon appellant. A review of the record clearly shows that that burden was not met. It follows that the trial court correctly granted appellee's motion for a directed verdict.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992.

*Beauchamp & Associates, William Eckhardt,* for appellant.
*Hodges, Erwin, Hedrick & Kraselsky, Kenneth B. Hodges, Jr., David W. Orlowski, Edmund A. Landau III,* for appellee.