632 So.2d 1324 (1994)
Vernon Clyde ETHEREDGE
v.
GENIE INDUSTRIES, INC.
1920868, 1921386.
Supreme Court of Alabama.
February 18, 1994.
Richard H. Sforzini, Jr., Steven L. Nicholas and Michael A. Youngpeter of Sirote & Permutt, P.C., Mobile, for appellant.
Donald F. Pierce, Forrest S. Latta and Andrew C. Clausen of Pierce, Carr & Alford, P.C., Mobile, for appellee.
PER CURIAM.
Vernon Clyde Etheredge appeals from a judgment based on a directed verdict in favor of Genie Industries, Inc. ("Genie").[1] Etheredge brought this products liability action seeking to recover damages for injuries he sustained while working from a lifting device, known as a "Genie Superlift," manufactured by Genie. The accident from which Etheredge's injuries resulted occurred in North Carolina. The issue is whether, under conflict of laws principles, the North Carolina statute of repose, N.C.G.S. § 1-50(6), which bars products liability claims brought over six years after the product is initially purchased for use, is applicable to bar Etheredge's action.
Etheredge filed his complaint on May 7, 1991; on August 5, 1992, he filed a "Notice of Intent to Rely on Foreign Law," specifically the law of North Carolina. He filed an amendment to his complaint on August 7, 1992, claiming prejudgment interest pursuant to North Carolina General Statute § 24-5(b). *1325 The circuit court then referred the matter to mediation. Mediation was completed, unsuccessfully, on December 30, 1992. On January 19, 1993, Genie filed an answer in response to Etheredge's amended complaint, raising North Carolina's statute of repose, N.C.G.S. § 1-50(6), and statute of limitations, N.C.G.S. § 1-52(16)[2] as affirmative defenses. Etheredge moved to strike these affirmative defenses, but the court denied his motion.
The case proceeded to trial. Before jury selection, Genie moved, pursuant to Rule 42(b), A.R.Civ.P., for a separate trial on the issue of when the lift was first sold. Genie's argument for bifurcation was based on an expectation that the evidence would establish that the lift was manufactured in 1978, more than 11 years before Etheredge filed his action. If the jury concluded that the lift was sold in 1978, then, according to Genie, the North Carolina statute of repose, N.C.G.S. § 1-50(6), would be dispositive of Etheredge's suit. The court denied this motion, and the matter proceeded on the merits. However, after receiving testimony from certain witnesses, the judge reconsidered Genie's motion for a bifurcated trial and granted it. After closing arguments on the limited issue of when the lift was sold, the court charged the jury. The jury returned a verdict finding that the lift was, in fact, sold in 1978. The judge orally granted Genie's motion for a dismissal of Etheredge's claims, or in the alternative, a directed verdict, or a summary judgment. Etheredge filed a notice of appeal on March 17, 1993, which was docketed as number 1920868. The circuit court on May 7 filed a written order and Etheredge filed another notice of appeal on June 16. That appeal was docketed as number 1921386. On June 23, this Court remanded the cause in appeal number 1920868 for entry of a final judgment. The circuit judge entered a final judgment for Genie on June 30, 1993, based on a directed verdict. Because the first notice of appeal divested the trial court of jurisdiction, the May 7 order was a nullity and would not support a notice of appeal. Appeal number 1921386 is therefore dismissed.
The facts are largely undisputed. The product in question, the Genie lift, was rented by Burt Steel, Inc., a Montgomery, Alabama, steel fabrication company, from Arrow-Rents, Inc., also of Montgomery. Burt Steel provided the lift to Etheredge's employer, Southeastern Construction Products, Inc.[3] Etheredge transported the lift to the North Carolina job site. Arrow Rents had purchased the lift directly from Genie.
Etheredge was injured while using the lift at the North Carolina job site on May 8, 1989. Etheredge filed this action against Genie on May 7, 1991.
Etheredge is not disputing the correctness of the jury's finding, but only the circuit court's application, under conflict of laws principles, of the North Carolina statute of repose. Thus, the only question before us is a question of law. On appeal, a trial court's decision on a question of law is not entitled to any presumption of correctness. Donnelly v. Doak, 346 So.2d 414, 416 (Ala. 1977).
In Fitts v. Minnesota Mining & Manufacturing Co., 581 So.2d 819, 820 (Ala.1991), this Court held: "Lex loci delicti has been the rule in Alabama for almost 100 years. Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred."
In this case, the injury occurred in North Carolina. Therefore, we look to North Carolina law to determine the substantive rights of the parties. Etheredge indicated to the circuit court that his claim was based on North Carolina law. However, he argued to the circuit court, and now to this Court, that the North Carolina statute of *1326 repose, N.C.G.S. § 1-50(6), should not be applied to bar his action.
North Carolina General Statute § 1-50(6) reads as follows:
"No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption."
The circuit court held that § 1-50(6) was substantive law of North Carolina and applied it to bar Etheredge's action, because it had been brought more than six years after the initial purchase of the lift.
The issue is whether the reference to North Carolina law mandated under lex loci delicti requires that our courts enforce North Carolina General Statute § 1-50(6). Although Etheredge frames the issue as whether the application of N.C.G.S. § 1-50(6) is against Alabama's public policy, the preliminary question is whether § 1-50(6) is a procedural law or a substantive law. When under lex loci delicti we are applying the law of another state, we will enforce only those laws of the other state that are substantive in nature. See Sanders v. Liberty National Life Insurance Co., 443 So.2d 909, 912 (Ala. 1983); see also Bodnar v. Piper Aircraft Corp., 392 So.2d 1161, 1162 (Ala.1980). "Where the statute of limitations [is procedural, and] goes only to the remedy, it seems to be the settled rule here that the lex fori, and not the lex loci, governs." Mullins v. Alabama Great Southern Ry., 239 Ala. 608, 610, 195 So. 866 (1940).
"The distinction between `substance' and `procedure' has medieval origins: a court will apply foreign law only to the extent that it deals with the substance of the case, i.e., affects the outcome of the litigation, but will rely on forum law to deal with the `procedural' aspects of the litigation." Eugene F. Scoles & Peter Hay, Conflict of Laws 57 (1992). "By legal tradition, most statutes of limitation are deemed procedural rather than substantive." Robert A. Leflar, et al., American Conflicts Law 348 (1986).
"The court before which the question arises is the one that has to decide whether any rule of law, domestic or foreign, will be characterized as substantive or as procedural for choice-of-law purposes." Leflar, supra, at 333; Thomas v. FMC Corp., 610 F.Supp. 912, 916 (M.D.Ala.1985). Therefore, it is up to this Court to determine, for the purpose of this action, whether § 1-50(6) is a substantive part or a procedural part of North Carolina law.
"This Court has recognized ... that a distinction exists between a true statute of limitations and a statute which creates a new right of action with an express restriction on the time within which an action may be brought to enforce the right." Cofer v. Ensor, 473 So.2d 984, 987 (Ala.1985). The former is known as a statute of limitations, while the latter has been referred to by this Court as a "statute of creation." Id.
"In one [a statute of creation], the limitation [period] is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself. In the other [a statute of limitation], the limitation is deemed to affect only the remedy and does not constitute part of the substantive right."
Cofer, 473 So.2d at 987, quoting State, Department of Revenue v. Lindsey, 343 So.2d 535, 537 (Ala.Civ.App.1977) (bracketed terms added in Cofer; emphasis added here).[4]
"Alabama decisions state that a statute of limitations, unless the act specifically declares otherwise, is construed as affecting the remedy only." State, Department of Revenue v. Lindsey, 343 So.2d 535, 537 (Ala. *1327 Civ.App.1977); Cofer, 473 So.2d at 987. Thus, we will apply another state's statute of limitations only when it is demonstrated that "the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself." See id.
After reviewing the North Carolina statute, in the context in which it appears in the North Carolina General Statutes, we conclude that it is not "inextricably bound up in [a] statute creating the right [or cause of action]." Cofer. Section 1-50(6) is not a "statute of creation," but rather a "statute of limitations"; it is only a procedural law of North Carolina. Section 1-50(6) is found in the "Civil Procedure" chapter of the North Carolina General Statutes. Section 1-50 is entitled "Six years" and lists those causes of action to which a six-year limitations period is applicable. Subsection (6) merely places a six-year limit on the time for filing product liability actions in North Carolina. As such, N.C.G.S. § 1-50(6) is a procedural statute, which affects only a plaintiff's remedy; it, therefore, does not bar Etheredge's action brought in Alabama.
Genie relies heavily on decisions of the North Carolina Supreme Court interpreting the statute as substantive.[5] However, as we stated above, in this instance it is for this Court to determine whether the statute is substantive or procedural. The North Carolina decisions "are of no legal consequence for purposes of this analysis. It is Alabama law that is binding." Thomas v. FMC Corp., 610 F.Supp. at 916.
Because we hold N.C.G.S. § 1-50(6) to be procedural, it does not apply to this action. We therefore must decide what statute of limitations is applicable to this action. The forum applies its own procedural laws. Leflar, supra, at 331. We hold that Ala.Code 1975, § 6-2-38(l), the catch-all provision, imposing a two-year limitations period on actions seeking damages for personal injury, is applicable in this case. Section 6-2-38(l) states:
"All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."
Etheredge filed his complaint within two years after he was injured; therefore, his action is not barred.
The judgment is reversed, and the cause is remanded for proceedings in accord with this opinion.
1920868REVERSED AND REMANDED.
1921386DISMISSED.
HORNSBY, C.J., and ALMON, SHORES, KENNEDY and COOK, JJ., concur.
HOUSTON, J., dissents.
HOUSTON, Justice (dissenting).
The majority opinion unsettles the governing rule of lex loci delicti, which until this opinion had been one of the most settled rules in this state. Fitts v. Minnesota Mining & Mfg. Co., 581 So.2d 819 (Ala.1991); Norris v. Taylor, 460 So.2d 151 (Ala.1984); Caine v. St. Louis & S.F.R., 209 Ala. 181, 95 So. 876 (1923).
The plaintiff does not dispute that his injury occurred in North Carolina; that North Carolina's product liability law governs his claim under lex loci delicti; that the Genie Superlift was manufactured in 1978; or that North Carolina's statute of repose would preclude his claim in that state. The statute of repose has been expressly upheld by the North Carolina Supreme Court as constitutional under an "open courts" guarantee in the North Carolina Constitution that is similar to § 13 of the Alabama Constitution of 1901. See Tetterton v. Long Mfg. Co., 314 N.C. 44, 332 S.E.2d 67 (1985); Lamb v. Wedgewood South Corp., 308 N.C. 419, 302 S.E.2d 868 (1983).
Under North Carolina law, the age of a product is a material and substantive element of the claim, and no cause of action *1328 arises if an injury occurs more than six years after the product is sold. Boudreau v. Baughman, 322 N.C. 331, 368 S.E.2d 849 (1988). Therefore, North Carolina's statute of repose is part of the substantive law of North Carolina and is different from defenses such as statutes of limitations, which are considered procedural rules of the forum state that are not subject to the lex loci delicti rule. Boudreau v. Baughman, 322 N.C. at 340-41, 368 S.E.2d at 857.
Norris v. Taylor, supra, was procedurally identical to the present case. The majority has merely converted our settled lex loci delicti rule into an interest-analysis approach to conflict of laws situations. This is a molar rather than a molecular change in the Alabama rule involving conflict of laws.
NOTES
[1] The complaint named other defendants, all of whom settled with Etheredge before trial. Genie Industries, Inc., is the sole appellee.
[2] The parties have not argued on appeal the issue of whether § 1-52(16) is applicable to Etheredge's cause of action. We therefore do not address this issue.
[3] Collaterally, we note that Genie states in its brief that Etheredge was a part-owner of Southeastern Construction Products, but we have found nothing in the record to support this statement. Genie's citation to the record does not support this allegation.
[4] See also Scoles & Hay, supra, at 60, describing the following exception to the general rule that statutes of limitations are procedural. "The ... exception is a judicial creation: when the foreign limitation is intended to extinguish the right and not only to bar the remedy, it will be considered to be `substantive.' While, in theory, this could be true of a limitation of a common law cause of action as well as of one limiting a statutory right, the courts invariably limit the substantive characterization to limitations of rights created by statute. The limitation is considered to be `built in.' Common examples are limitations in Wrongful Death Acts and Shareholder Liability Acts."
[5] Genie cites Boudreau v. Baughman, 322 N.C. 331, 368 S.E.2d 849 (1988); Tetterton v. Long Manufacturing Co., 314 N.C. 44, 332 S.E.2d 67 (1985); and Lamb v. Wedgewood South Corp., 308 N.C. 419, 302 S.E.2d 868 (1983), as authority for the proposition that North Carolina interprets § 1-50(6) as substantive.