A94A0374. COOK et al. v. HOME DEPOT, INC.
(447 SE2d 35)

BEASLEY, Presiding Judge.

Cook was injured in a Home Depot store when a piece of plywood measuring four feet by eight feet by one-half inch landed on his foot. He and his wife sued Home Depot, which was awarded summary judgment.

Construing the evidence most favorably to the Cooks, Shannon Cook entered a Home Depot store to purchase some lumber. He approached a stack of plywood sheets five feet high. Because of that height, he could not properly see the top sheet. He touched it in an effort to determine if the plywood was what he wanted; it fell onto and broke his foot.

Appellants' complaint alleges negligence in failing to keep the premises safe, failing to store the plywood properly, failing to warn

patrons of the dangers of removing lumber without assistance, and failing to have enough employees to assist customers in the lumber department.

1. The principle of equal or superior knowledge is not limited to slip and fall cases, but "applies to 'static' defective or dangerous conditions on property. [Cit.]" *Ga. Ports Auth. v. Hutchinson,* 209 Ga. App. 726, 727 (2) (434 SE2d 791) (1993). " ' " 'The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* . . . and *not known to the person injured* that a recovery is permitted.' (Emphasis in original.) (Cit.)" (Cit.)' [Cit.]" *Westbrook v. M & M Supermarkets,* 203 Ga. App. 345 (1) (416 SE2d 857) (1992). "Although expressed in the context of a slip and fall case, the principle restated in *Alterman v. Ligon,* 246 Ga. 620, 622 (272 SE2d 327) is also applicable here: The dangerous instrumentality must have been known to the proprietor and unknown to the invitee before the invitee can recover. [Cit.]" *Sarantis v. Kroger Co.,* 201 Ga. App. 552 (411 SE2d 758) (1991).

The Cooks have made no showing that Home Depot was actually aware of the condition of the stacked plywood. Without actual notice of any defect in the storage of the plywood, Home Depot could still be liable if it had constructive notice of a dangerous condition. *Flood v. Camp Oil Co.,* 201 Ga. App. 451, 452 (411 SE2d 348) (1991). But, as in *Madaris v. Piggly Wiggly Southern,* 205 Ga. App. 405, 406-407 (2) (422 SE2d 273) (1992), "there was no evidence that there was any employee of appellee in the immediate vicinity who could easily have noticed [the dangerous condition]."

"Liability based on constructive knowledge may *also* be established by showing that the owner failed to exercise reasonable care in inspecting the premises, but recovery under that approach requires proof of the length of time the dangerous condition was allowed to exist. (Cits.)" (Emphasis supplied.) [Cit.]' [Cit.]" *Thompson v. Regency Mall Assoc.,* 209 Ga. App. 1, 3 (1) (432 SE2d 230) (1993). There was no proof of the length of time that the dangerous condition existed.

The Cooks contend that Home Depot had constructive notice of the condition because of knowledge of similar incidents. The only similar incidents of which there is any evidence in the record concern lumber being pulled down by customers, causing injury, and articles other than lumber being dropped by customers. These are not sufficiently similar to give Home Depot constructive notice of any defect in the stacking of this plywood such as would cause the incident described by Mr. Cook. There is no evidence that Home Depot had superior knowledge of any defect in the way the plywood was stacked.

The Cooks also argue that on the issue of superior knowledge, Home Depot bears the burden on summary judgment and has not met that burden. The defendant may satisfy its burden by showing that there is an absence of evidence as to one or more essential elements of plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "On appellee's motion for summary judgment [cit.], even assuming appellee had knowledge of the peril, it was appellant's burden to come forward with specific evidence that appellee's knowledge of the peril was superior, for that is the true ground of the proprietor's liability." *Minor v. Super Discount Markets*, 211 Ga. App. 123, 124 (438 SE2d 384) (1993). The Cooks have presented no such evidence of unsafe premises.

2. The Cooks also advance theories of recovery that they argue are not based upon premises liability grounds, including the allegation that the plywood was improperly stored. Pretermitting the question of whether that would relieve Cook of his burden to exercise due care for his own safety, *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980), no evidence is presented that appellees stored the plywood improperly. Cook stated that the top sheet of plywood was "hung up" on the frame or shelf, but he also testified that he could not see that the top sheet was "hung up," and that the top sheet was tilted at an angle. No evidence of how the plywood should have been stored was presented. Additionally, it is not disputed that customers will sometimes rearrange the plywood to get the exact sheets they want. There is no evidence that the plywood display was in the same condition when Cook encountered it as it was when stored. Summary judgment is not avoided by this allegation.

3. The Cooks also allege that Home Depot breached a duty to warn of the dangers of removing lumber without assistance. Again, pretermitting the question of whether that would relieve Cook of his burden to exercise due care for his own safety, *Alterman Foods*, supra, this allegation is belied by the facts. Cook stated that he did not try to move the plywood but only touched it. Additionally, he stated that he usually had someone help him when moving lumber.

4. The Cooks also allege that Home Depot did not have enough employees in the lumber department to supply proper assistance to customers removing lumber. Cook knew assistance would be given him, if he sought it, but he did not seek it. Again, he maintains he did not attempt to remove the lumber. The facts do not support this allegation and summary judgment is not foreclosed on this basis.

5. The Cooks also ask that this court impose a higher than usual standard of care on Home Depot and other "self-service" stores, arguing that such stores reap the economic benefits of hiring fewer clerks and should be held to more stringent standards than stores that supply more clerks. Economic benefits of such stores' operations also ac-

crue to the customers who choose to shop in such stores because of their prices. Our standard of ordinary care to keep business premises in a reasonably safe condition, see *Madaris*, supra at 406 (1), properly encompasses a variety of factual situations, including self-service stores.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED MAY 2, 1994 —
RECONSIDERATION DENIED MAY 27, 1994 — 

*Moffett & Henderson, F. Glenn Moffett, Jr., L. Prentice Eager III*, for appellants.

*Goldner, Sommers, Scrudder & Bass, C. G. Jester, Jr., William W. Horlock, Jr.*, for appellee.