Frazier Manning sued Wal-Mart Stores, Inc. ("Wal-Mart"), alleging that Wal-Mart had negligently or wantonly caused several boxes of VCRs to fall from a riser and to injure him. The jury returned a verdict in favor of Manning. The circuit court entered a judgment on that verdict. Because we hold that the circuit court erred in denying Wal-Mart's motion for a judgment as a matter of law, we reverse and remand.
 I.
In June 1995, Frazier Manning entered a Wal-Mart retail store in Columbus, Georgia, intending to purchase a VCR and a television set. While he was in the electronics department looking at a VCR, several boxes containing VCRs fell from a riser on which they had been stacked and struck Manning on his head and right shoulder. Immediately after the incident, Christie Veach, a Wal-Mart assistant manager, approached Manning. Veach asked Manning what had happened and whether he was hurt. Manning did not know what had caused the accident, but indicated that he did not believe he had suffered any serious injuries. Veach brought Manning a chair, and for about 40 minutes, he rested in it. Manning then went to the clothing department, purchased a shirt for his grandson, and left the Wal-Mart store.
The following Monday, Manning visited Dr. K.G. Edwards, a chiropractor, seeking treatment for pain in his neck and shoulder. Eventually, Dr. Edwards referred Manning to Dr. Fred Flandry for treatment of his shoulder and to Dr. Kenyon Rainer, a neurologist, for treatment of his neck. Dr. Rainer ordered an MRI test performed on Manning's neck. The MRI indicated that Manning had a herniated disk at the C-6/7 level. Dr. Flandry referred Manning to Dr. Kenneth Burkus. In April 1998, Dr. Burkus performed surgical fusion on Manning's neck.
In August 1996, Manning sued Wal-Mart in the Russell County, Alabama, Circuit Court, seeking $45,000 in damages for the injuries he claims to have suffered from being struck by the boxes containing the VCRs. Manning initially asserted only a simple negligence claim. He later amended his complaint, adding a claim of wantonness and demanding punitive damages. Manning presented no evidence at trial to indicate what caused the VCRs to fall from the riser and strike him. Rather, his evidence indicated only that the VCRs had fallen off the riser and that other objects had fallen off risers in the store over the past several years. The jury returned a verdict in favor of Manning, awarding him $300,000 in compensatory damages and $1 million in punitive damages. After applying Georgia's statutory cap on punitive damages, the trial court entered a judgment in favor of Manning in the amount of $300,000 in compensatory damages and $250,000 in punitive damages. Wal-Mart appealed.
 II.
Wal-Mart argues, among other things, that it was entitled to a judgment as a matter of law because, it says, Manning failed to present substantial evidence to support his claim that negligence or wantonness on the part of Wal-Mart proximately caused his injuries. *Page 118 
"A judgment as a matter of law is proper only where there is a complete absence of proof on a material issue or where there are no controverted questions of fact on which reasonable people could differ and the moving party is entitled to a judgment as a matter of law." Locklear Dodge City, Inc. v. Kimbrell, 703 So.2d 303,304 (Ala. 1997) (internal quotation marks and alterations omitted). In reviewing the denial of a motion for a JML, this Court must view all evidence in the light most favorable to the nonmoving party. See Bussey v. John Deere Co., 531 So.2d 860, 863
(Ala. 1988).
The parties agree that Alabama's choice-of-law doctrine requires that the substantive rights of an injured party be determined according to the law of the state where the injury occurred. See Etheredge v. Genie Indus., Inc., 632 So.2d 1324
(Ala. 1994). Because Manning's injuries occurred in Georgia, we must apply the law of Georgia to the substantive issues in this case. See id. Of course, Alabama law still governs questions deemed to be "procedural" in nature. See id.
Georgia law provides:
 "The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner . . . and not known to the person injured that a recovery is permitted. . . . The dangerous instrumentality must have been known to the proprietor and unknown to the invitee before the invitee can recover."
Cook v. Home Depot, Inc., 214 Ga. App. 133, 134, 447 S.E.2d 35, 36
(1994) (citations, internal quotation marks, and emphasis omitted).
Manning, however, made no showing that the VCRs were stacked in a dangerous manner and that Wal-Mart was actually aware that they were stacked in a dangerous manner. Even if Wal-Mart did not have actual notice that the VCRs were stacked in a dangerous manner, it could still be liable if it had constructive notice of a dangerous condition. See id. However, "`there was no evidence that there was any employee of [the premises owner] in the immediate vicinity who could easily have noticed [the dangerous condition].'" Id. (quoting Madaris v.Piggly Wiggly Southern, Inc., 205 Ga. App. 405, 406-07,422 S.E.2d 273 (1992)). Although Manning could have established constructive knowledge by showing that Wal-Mart failed to exercise reasonable care in inspecting the premises, Manning presented no evidence to establish the length of time that the allegedly dangerous condition had existed. See id.
Manning argues that Wal-Mart had constructive notice of the condition because, he says, it knew that other items had previously fallen from risers in the store. Specifically, Manning presented evidence indicating that 11 Wal-Mart customers had been injured by falling merchandise within the two years before his accident. However, the only similarity between the prior accidents and the accident in this case is that the merchandise had been stacked on risers. Nothing in the record indicates that it is inherently dangerous to stack merchandise on risers or that the merchandise that had previously fallen had been stacked on the risers in a manner similar to that in which the boxes containing VCRs had been stacked.[1] Accordingly, *Page 119 
Manning failed to establish that the facts regarding the prior incidents of falling merchandise were sufficiently similar to the facts of this case to provide Wal-Mart with constructive notice that the boxes containing VCRs in this case were stacked in a dangerous manner. See id.
 III.
Because Manning failed to establish that Wal-Mart had either actual or constructive notice that the boxes containing VCRs were stacked in a dangerous manner, the circuit court erred in denying Wal-Mart's motion for a judgment as a matter of law on Manning's negligence and wantonness claims. Accordingly, we reverse the circuit court's judgment and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Maddox, Houston, Lyons, and Brown, JJ., concur.
Johnstone, J., concurs in part and dissents in part.
Hooper, C.J., and Cook and England, JJ., dissent.
[1] We note that evidence that shows merely a high frequency of accidents at a store is insufficient to establish that the store owner had knowledge of a specific dangerous condition at that store. See Cook, 214 Ga. App. at 134, 447 S.E.2d at 37. We further note that, under Alabama law, the rate of accidents at Wal- Mart stores for the entire State of Alabama is irrelevant to the issue of Wal-Mart's liability in this case. See Wal-MartStores, Inc. v. Thompson, 726 So.2d 651, 653 (Ala. 1998) ("This figure [167 accidents involving falling merchandise during a 5-year period] represents accidents in Wal-Mart stores across the entire state; this Court has held that on questions of premises liability accidents at other locations are irrelevant.").