## A03A0650. ERGAS v. HOME DEPOT, INC.
### (580 SE2d 684)

ANDREWS, Presiding Judge.

John Ergas sued Home Depot, Inc. after a piece of wood fell on his wrist. The trial court granted Home Depot's motion for summary judgment, and Ergas appeals, claiming that if Home Depot had inspected the bins the night before, it would have discovered the split piece of wood. For the reasons that follow, we affirm.

In order to prevail on summary judgment, the moving party must demonstrate that there are no genuine issues of any material fact and that the undisputed facts, viewed in a light most favorable to the nonmoving party, support a judgment as a matter of law. *Hutchins v. J. H. Harvey Co.*, 240 Ga. App. 582, 584 (524 SE2d 289) (1999). "A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." (Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The facts in this case are from Ergas's deposition testimony and are undisputed. Ergas stated that he had gone to Home Depot to pick up various supplies and the accident happened as he was reaching for a strip of base molding. One of the pieces of molding broke off and fell on his wrist. Ergas said there was a Georgia-Pacific representative working on the aisle and he thought the piece of wood must have broken when the Georgia-Pacific representative was stacking wood in the bin.

The trial court granted summary judgment to Home Depot, holding Ergas's knowledge of the dangerous condition was at least equal to that of Home Depot. This appeal followed.

In order to show defendant was negligent, Ergas must present evidence that Home Depot had equal or superior knowledge of the dangerous condition. *Cook v. Home Depot*, 214 Ga. App. 133, 134 (447 SE2d 35) (1994). The hazardous condition must have been known to the proprietor and unknown to the invitee before the invitee can recover. Id. Thus, Ergas must show that (1) Home Depot had actual or constructive knowledge of the broken piece of wood and (2) he was without knowledge of the hazard or was hindered from discovering it by the defendant. *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (493 SE2d 403) (1997).

Ergas does not contend that Home Depot had actual knowledge

of the break in the piece of wood. Accordingly, he must present some evidence of constructive knowledge on the part of Home Depot.

A plaintiff may show constructive knowledge by two methods: (1) proof that an employee of Home Depot was in the immediate area and could have easily seen and removed the hazard before the accident; or (2) proof that the broken piece of wood had been in the bin for a sufficient length of time that Home Depot should have discovered and removed it during a reasonable inspection. *Alterman Foods v. Ligon*, 246 Ga. 620, 622-623 (272 SE2d 327) (1980). Ergas said he did not know if there were any Home Depot employees in the aisle when the accident happened.

Accordingly, in order to survive summary judgment, Ergas must present some evidence that the broken piece of wood had been there long enough for Home Depot to have discovered it and removed it. He has not done so.

Ergas stated in his deposition that when he worked for Home Depot they would inspect the bins every evening and cull any wood they could not sell. Ergas stated that this procedure had become "lax in later years." Ergas claims on appeal that had the inspection procedure been followed the evening before, Home Depot would have discovered and removed the broken wood.

But, the only evidence in the record on how long the broken piece of wood had been in the bin was Ergas's own testimony speculating that it had snapped or broken when the Georgia-Pacific representative restocked the bins. The representative was still on the aisle stacking wood when Ergas was injured. Moreover, Ergas was unable to see that the wood was split and does not argue that it would have been readily visible to an employee walking down the aisle during a normal inspection.

Because Ergas has presented no evidence sufficient to create an issue of fact as to whether Home Depot had equal or superior knowledge of the dangerous condition, the trial court did not err in granting Home Depot's motion for summary judgment.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED APRIL 4, 2003.

*George L. French*, for appellant.

*Mozley, Finlayson & Loggins, Carroll G. Jester, Jr., Laura M. Medlin, S. Jarret Raab*, for appellee.