## A09A1313. CARPENTER v. CAPITAL CITY CLUB.

(683 SE2d 351)

ANDREWS, Presiding Judge.

Edward Carpenter appeals from the trial court's grant of the Capital City Club's motion for summary judgment on Carpenter's claim for damages after he was injured while repairing carpet on the Club's premises. The trial court, in a thorough and well-reasoned order, held that there was no evidence of the Club's superior knowledge of any defect in the carpet that would cause Carpenter's equipment to malfunction and injure him. We agree and affirm.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).

*Lau's Corp. v. Haskins*, 261 Ga. 491, 491 (405 SE2d 474) (1991).

The undisputed facts are that Carpenter worked "off and on" doing carpet installation and repair for All Shores Flooring. On the day of the accident, Carpenter went by All Shores and asked if they had any work for him. All Shores sent Carpenter to the Club's Brookhaven location to repair the carpeting. Carpenter said that when he began his repairs, "the carpet was up in the air in the doorway, it was a trip hazard. So I had to put it back into place so nobody would get hurt. . . ." Carpenter stated in his complaint that

in order to do the required repairs, he had to

> kneel down on the floor and use a device known in the industry as a kicker. As he attempted to repair the carpet with the kicker, because of the deterioration of the carpeting, the padding, and the underlying structure, [he] lost his balance while kneeling on the floor and sustained an injury to his back and leg.

In his deposition, Carpenter stated that he did not know why the carpet ripped when he used the kicker on it.

> How it ripped, I don't — I just don't, really don't know how it really happened, how it ripped. It could have been a defect from the company when the carpet — the way it was made, or it could have been water from it coming in the doorway and it drying up and — because the carpet, it was — when they first installed the carpet[, it] was down right.

The Club moved for summary judgment, contending that there was no evidence that any act or omission on its part caused Carpenter's injuries, there was no evidence that a hazardous condition existed on its premises, and even assuming a hazardous condition did exist, there was no evidence that it had superior knowledge of the condition.

Carpenter responded to the motion, arguing that there were issues of fact as to whether the Club should have warned Carpenter about the condition of the carpet and also issues of fact as to whether the Club had superior knowledge of the dangerous condition.

Carpenter did not support these contentions, however, beyond stating that an employee of the Club "had previously observed the condition of the carpet to determine what areas were in need of repair." This does not show superior knowledge.

"The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner . . .* and *not known to the person injured* that a recovery is permitted." (Citations and punctuation omitted.) *Cook v. Home Depot*, 214 Ga. App. 133, 134 (447 SE2d 35) (1994).

In this case, Carpenter has not shown that any allegedly defective condition in the carpet was known to the Club and not known by him. Carpenter states that an employee of the Club identified areas that needed repair, but according to Carpenter, the repairs were necessary because the carpet was a tripping hazard. There is no evidence that any employee could have discerned the

defect claimed by Carpenter. Carpenter himself did not discern a defect and he was kneeling down on the carpet and working over it.

We also note that Carpenter claims on appeal that the carpet was damaged by "water leaks." There is no evidence in the record that the carpet was damaged by water leaks. The only evidence on this issue is that of Carpenter himself and he stated in his deposition that he did not know why the carpet ripped.

Moreover, "[a]n independent contractor is expected to determine for himself whether his place of employment is safe or unsafe, and ordinarily may not recover against the owner for injuries sustained in the performance of the contract." *Hudson v. Santangelo*, 228 Ga. App. 768, 774 (492 SE2d 673) (1997). In *Hudson*, this court held that the independent contractor had a duty to inspect the area he was working on and could not impose liability on the homeowner for a defect which he, the independent contractor, also failed to notice. Id.

In this case, Carpenter, who had been installing and repairing carpets for over 20 years, did not notice any defect in the carpet, even though he was kneeling down and working on it. Further, beyond the allegation that an employee showed Carpenter the areas where the carpet was a tripping hazard, Carpenter has come forward with no evidence tending to show that the Club knew or should have known of some defect in the carpet. It follows that the trial court did not err in granting summary judgment to the Club on Carpenter's claims.

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED JULY 17, 2009.

*LaXavier P. Reddick-Hood*, for appellant.
*Shivers & Associates, Adrian Britt*, for appellee.