SHAW, Justice
(dissenting).
When presented with a conflict-of-laws issue, Alabama courts apply the principles of lex loci delicti and lex loci contractus.
“Alabama law follows the traditional conflict-of-law principles of lex loci con-tractus and lex loci delicti. Under the principles of lex loci contractus, a contract is governed by the law of the jurisdiction within which the contract is made. Under the principle of lex loci delicti, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred.”
Lifestar Response of Alabama, Inc. v. Admiral Ins. Co., 17 So.3d 200, 213 (Ala.2009) (citations and footnote omitted).[10] If the principles of lex loci contractus or lex loci delicti dictate that the law of another jurisdiction is to be applied, then Alabama courts look to the “character” of the law, i.e., whether it is “substantive” or “procedural,” because “we will enforce only those laws of the other state that are substantive in nature.” Etheredge v. Genie Indus., Inc., 632 So.2d 1324, 1326 (Ala.1994) (“ ‘The court before which the question arises is the one that has to decide whether any rule of law, domestic or foreign, will be characterized as substantive or as procedural for choice-of-law purposes.’ ” (quoting Robert A. Leflar et al., American Conflicts Law 333 (1986))). See also Middleton v. Caterpillar Indus., Inc., 979 So.2d 53, 58 (Ala.2007).[11]
In this case, Continental Motors, Inc., has filed an action against various defendants seeking indemnity or contribution relating to a judgment against it in a wrongful-death action resulting from an airplane crash that occurred in Oklahoma. In determining the substantive law that applies to these claims, the main opinion accepts the rule of other jurisdictions that, when confronted with this conflict-of-laws issue, a court determines the character of such indemnity or contribution claims by where the underlying claim arose:
“It is clear that the place where the underlying personal injury occurred ... *965 has been deemed the place of the wrong for choice-of-law purposes. The rationale offered by the courts for this conclusion is that since an action for indemnity or contribution is entirely derivative from the principal claim, it also should be governed by the law of the place where the principal claim arose.”
General Motors Corp. v. National Auto Radiator Mfg. Co., Ltd., 694 F.2d 1050, 1053 (6th Cir.1982) (citations omitted).[12] Thus, the indemnity/contribution law of Oklahoma — the place where the principal claim, the wrongful-death action, arose— controls in this action. Under Oklahoma substantive law, Continental’s claims are in the nature of contract claims.
Although the rule of General Motors would seem to indicate that Oklahoma’s statute of limitations would apply, statutes of limitations are generally considered to be procedural in nature; thus, under the “characterization” analysis of Etheredge, another state’s statute of limitations would not be “enforced,” and Alabama’s statute of limitations would instead apply. The controlling question of law in this permissive appeal under Rule 5, Ala. R.App. P., asks which statute of limitations under Alabama law is applicable to Continental’s indemnity/contribution claims — the two-year limitations period applicable to tort claims or the six-year period applicable to contract claims.
The main opinion undertakes a second conflict-of-laws analysis to determine which Alabama procedural law applies, i.e., which statute of limitations applies. It couches this analysis in terms of “characterizing” [13] the claim to determine whether it is in the nature of a contract claim or a tort claim under Alabama law. While examining the nature of the claim is appropriate to choose between the lex loci de-licti principle and the lex loci contractus principle, those principles tell us the applicable substantive law to select between competing jurisdictions, not the applicable procedural law. See Lifestar Response of Alabama, 17 So.3d at 213 (“Under the principle of lex loci delicti, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred.”). The determination whether a claim is in the nature of a contract claim or a tort claim is an issue of substantive law, and because Oklahoma substantive law applies in this case, that substantive law should explain the nature of Continental’s claims. I see no authority indicating that, once the applicable substantive law and procedural law have been determined, the substantive law dictated is again subjected to a conflict-of-laws analysis to select the applicable Alabama procedural law.[14] The Alabama procedural law I would apply would be the procedural law applicable to the *966 substantive claims: the statute of limitations applicable to contract actions. I would not undertake another conflict-of-laws analysis.

. By necessity, in determining whether either the lex loci contractus principle or the lex loci delicti principle applies, a court looks at the nature of the claim to see if it sounds in tort or in contract.

. Federal courts sitting in their diversity jurisdiction similarly “characterize” the claims before them: "A federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits.... The first step in determining whose law is to govern in a conflict situation is the characterization of what kind of case is involved.” O’Neal v. Kennamer, 958 F.2d 1044, 1046 (11th Cir.1992).

. It is not clear that this principle has been accepted in Alabama; however, there is no objection to the trial court’s use of that principle.

. Under Etheredge and Middleton, "characterizing” the claim is done to determine whether an issue is procedural or substantive.

. The main opinion, in footnotes 4 and 5, cites various authorities for the proposition that the characterization of the claim under the law of the forum is necessary in order to determine the proper law to be applied in a conflict-of-laws scenario. How these courts use this “characterization” is admittedly unclear and differing: some decisions characterize the claims to determine whether they are substantive or procedural in nature, and others characterize the claims to assist in exercising the forum state's conflict-of-laws analysis to chose the proper substantive law to apply. Only one, McCarthy v. Bristol Labs., 86 A.D.2d 279, 449 N.Y.S.2d 280 (1982), appears to characterize the claim for purposes of determining the proper statute of limitations in the forum state, but there is no meaningful analysis in that case as to why such a characterization was undertaken.